Yunjie "Frank" Yang v Knights Genesis Group (2026 NY Slip Op 00336)

Yunjie "Frank" Yang v Knights Genesis Group

2026 NY Slip Op 00336

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Index No. 651118/21|Appeal No. 5681|Case No. 2024-05299|

[*1]Yunjie "Frank" Yang, Plaintiff-Appellant, Ying Shen, et al., Intervenor-Plaintiffs-Respondents,
vKnights Genesis Group et al., Defendants, 1989 Investor LLC, Nominal Defendant, Tina Tang et al, Intervenor-Defendants.

Bailey Duquette, P.C., New York (Derek A. Soller of counsel), for appellant.
Oved & Oved LLP, New York (Glen Lenihan of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered July 16, 2024, which granted the motion of intervenor-plaintiffs pursuant to CPLR 2606 and 2607 to release to them their 60% pro ratashare of certain funds deposited with the court (the Bankruptcy Distribution), to the extent that intervenor-plaintiffs are to settle an order taking into account all other monies received by Yunjie "Frank" Yang and intervenor-plaintiffs such that there is a fair pro ratadistribution of the Bankruptcy Distribution, unanimously affirmed, without costs.
On April 22, 2021, the court ordered that the subject funds be held in escrow pending the adjudication of this matter. The court's order was in response to plaintiff's motion for an order restraining defendants from disbursing the funds. In August 2021, intervenor-plaintiffs moved to intervene in the action. Plaintiff thereafter moved for a default judgment against defendants and the court granted the motion in its October 18, 2021 order. The order indicated that Mr. Yang could have execution thereon. Accordingly, on December 29, 2021, the County Clerk issued judgment against defendants, providing that "plaintiff have execution therefor." In response to plaintiff's efforts to enforce the judgment, the sheriff collected the Bankruptcy Distribution that had been retained by the bankruptcy trustee.
However, the funds were not disbursed to plaintiff. Intervenor-plaintiffs moved for a default judgment and to restrain plaintiff from executing judgment, which was granted. By January 5 and 6, 2023 orders, the court enjoined plaintiff from executing the default judgment and directed the funds to remain in the court's possession until the matter terminated. The court specifically noted that it previously intended for the funds to remain escrowed as other potential claimants could appear in this action and claim a right to the funds. Plaintiff did not appeal from the January 2023 orders.
After the court granted summary judgment to intervenor-plaintiffs, they moved for an order releasing the funds. The matter having now been fully adjudicated, and intervenor-plaintiffs having demonstrated their entitlement to a pro rata share of the funds, the court properly directed their release.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026